PER CURIAM.
This appeal arises from a fee dispute between attorneys. As phrased by the appellant the issue is whether the trial court erred in applying a multiplier to enhance the reasonable quantum meruit fees due to a law firm which was discharged prior to settlement of a medical malpractice action. We answered the question in Trend Coin Co. v. Fuller, Feingold & Mallah, P.A., 538 So.2d 919, 921 (Fla. 3d DCA 1989), in holding that an attorney representing a client under a contingency fee contract, who is discharged without cause before the contingency occurs, may recover for services only in quantum meruit limited by the maximum contract fee. For that reason, it was improper to consider a 2.0 risk multiplier in calculating a quantum meruit value of the attorney’s services.
Reversed and remanded for further consistent proceedings.